IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Lee Horn,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Dora Schriro, et al.,<br><br>　　　　Defendants. | No. CV-04-2014-PHX-SMM (LOA)<br><br>**REPORT AND RECOMMENDATION** |

This matter arises on Plaintiff's Motion to Vacate Conviction and Sentence pursuant to 28 U.S.C. § 2255.

Section 2255 provides that:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, *may move the court which imposed the sentence to* vacate, set aside or correct the sentence.

28 U.S.C. § 2255 (emphasis added).

Plaintiff commenced this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights while incarcerated in the Arizona Department of Corrections. Plaintiff's incarceration stems from a conviction in State court. Plaintiff is now attempting to file a § 2255 motion in the context of this § 1983 action. Aside from other possible flaws, Plaintiff's § 2255 motion is not properly filed in this Court because there have been no criminal proceedings in this Court against Plaintiff and Plaintiff has not been sentenced by this Court. Accordingly, the

1  Court recommends that Plaintiff's § 2255 Motion be denied without prejudice, or in the
2  alternative, that the Motion be stricken.

3      Accordingly,

4      IT IS HEREBY RECOMMENDED that on Plaintiff's Motion to Vacate Conviction
5  and Sentence pursuant to 28 U.S.C. § 2255 (document # 108) be **DENIED** without prejudice,
6  or alternatively, that the § 2255 motion be stricken.

7      This recommendation is not an order that is immediately appealable to the Ninth
8  Circuit Court of Appeals.  Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of
9  Appellate Procedure, should not be filed until entry of the District Court's judgment.  The
10 parties shall have ten days from the date of service of a copy of this recommendation within
11 which to file specific written objections with the Court.  *See,* 28 U.S.C. § 636(b)(1); Rules 72,
12 6(a), 6(e), Federal Rules of Civil Procedure.  Thereafter, the parties have ten days within which
13 to file a response to the objections.  Failure timely to file objections to the Magistrate Judge's
14 Report and Recommendation may result in the acceptance of the Report and Recommendation
15 by the District Court without further review.  *See United States v. Reyna-Tapia*, 328 F.3d 1114,
16 1121 (9th Cir. 2003).  Failure timely to file objections to any factual determinations of the
17 Magistrate Judge will be considered a waiver of a party's right to appellate review of the
18 findings of fact in an order or judgment entered pursuant to the Magistrate Judge's
19 recommendation. *See*, Rule 72, Federal Rules of Civil Procedure.

20     DATED this 8th day of June, 2006.

                  Lawrence O. Anderson
                  United States Magistrate Judge