**WO**                                                                          BL

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Douglas Lee Horn, | ) No. CV 04-2014-PHX-SMM (LOA) |
|        Plaintiff, | ) **ORDER** |
| vs. | ) |
| Larry Carter, et al., | ) |
|        Defendants. | ) |

Plaintiff Douglas Lee Horn, an Arizona Department of Corrections inmate, is litigating a *pro se* civil rights action pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA).  Currently before this Court are Plaintiff's Motion for Order for DOC to comply with American Disabilities Act, and Motion to Decide on Typewriter (Docs. ##72, 120).  This Court will deny Plaintiff's motions.

**I. Background**

Plaintiff filed an Amended Complaint against various Defendants raising claims of deliberate indifference to his medical needs and failure to provide accommodation under the ADA (Doc. #33).  Defendants were ordered to answer (Doc. #39).

Plaintiff subsequently filed a Motion for Order of Court, requesting that this Court order that he be provided a more therapeutic mattress, a shower chair and hose, and a typewriter (Doc. #72).  Plaintiff alleged that he can only get sufficient, painless sleep if he has a "more therapeutic" mattress (Id. at 4).  Plaintiff further attested that without a shower chair and hose, he was denied minimal hygiene (Id.).  Plaintiff also indicated that his cell was too small to accommodate his wheelchair.  (Id.)  Finally, Plaintiff requested a typewriter

because he suffers from impaired vision and trouble with writing due to injuries to, and arthritis in, his right hand and wrist (Id.; Doc. #77).

Plaintiff then filed an Emergency Motion to Decide on Typewriter, alleging that his typewriter, which was prescribed by a prison doctor, was to be destroyed (Doc. #120). Defendants responded, arguing that the typewriter is not scheduled to be destroyed and Plaintiff has not demonstrated that he is otherwise entitled to injunctive relief (Doc. #131).

**II.  Legal Standard**

To obtain a preliminary injunction or a temporary restraining order, Plaintiff must demonstrate "(1) a strong likelihood of success on the merits, (2) the possibility of irreparable injury to [him] if preliminary relief is not granted, (3) a balance of hardships favoring [him], and (4) advancement of public interest (in certain cases)." Beardslee v. Woodford, 395 F.3d 1064, 1067 (9th Cir.) (citations omitted), cert. denied 543 U.S. 1096 (2005).  Alternatively, Plaintiff "must show either (1) a likelihood of success on the merits and the possibility of irreparable injury or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [Plaintiff's] favor."  Warsoldier v. Woodford, 418 F.3d 989, 993-94 (9th Cir. 2005) (citations omitted).  Under either formulation of the test, Plaintiff must demonstrate a significant threat of immediate irreparable injury.  Midgett v. Tri-County Metropolitan Transp. Dist. of Oregon, 254 F.3d 846, 850 (9th Cir. 2001); AGCC v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991).

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain.'" Estelle v. Gamble, 429 U.S. 97, 104-05 (1976). "To demonstrate that a prison official was deliberately indifferent to an inmate's serious . . . health needs, the prisoner must show that 'the official [knew] of and disregard[ed] an excessive risk to inmate health.'" Austin v. Terhune, 367 F.3d 1167, 1172 (9th Cir. 2004). "[T]he deliberate indifference must be both 'purposeful,' and 'substantial' in nature." Ruvalcaba v. City of Los Angeles, 167 F.3d 514, 525 (9th Cir. 1999) (internal citations omitted).

**III. Analysis**

First, Plaintiff alleged that he requires a more therapeutic mattress.  Plaintiff has neither demonstrated that he faces immediate irreparable injury nor a likelihood of success on the merits of this claim.  Plaintiff proffered evidence that he submitted multiple requests for additional mattresses, he has medical approval for double mattresses, and he has been provided double mattresses  (Doc. #73).  Plaintiff's dissatisfaction with that response does not establish that his requests have been denied or that he faces immediate irreparable injury.

Second, Plaintiff requests a shower chair and hose to reduce the risks of a potential fall and to maintain proper hygiene.  Plaintiff submitted several requests for these items, without success (Doc. #73).  Plaintiff also attests that the lack of the chair and hose places him in danger because of an increased risk of falling (Doc. #78).  Plaintiff, however, has not produced sufficient evidence to demonstrate that he is likely to suffer immediate irreparable injury merely because he lacks these items.  In particular, Plaintiff has failed to demonstrate that he is unable to maintain proper hygiene absent these items.

Third, Plaintiff alludes to the fact that his cell is too small to accommodate his wheelchair, and that the stool and ladder should be removed.  Plaintiff does not elaborate on this argument and has presented no evidence in support of this claim.  Plaintiff thus has not demonstrated that he faces immediate irreparable injury due to cell size or has a likelihood of success on the merits of this claim.

Fourth, Plaintiff requests an order providing him access to his typewriter; he argues that his typewriter is in danger of being destroyed by the Arizona Department of Corrections.  Defendants submitted the affidavit of Aaron Putman, mail and property corrections officer, who attests that typewriters present a security issue because inmates have used pieces of them as weapons (Doc. #131, ex.1 at ¶¶4-5). Putman further attests that Plaintiff's typewriter will not be destroyed but, instead, has been placed in long term storage and will remain there until he is released from custody.  (Id. at ¶¶13-15).  Dr. Ronolfo Macabuhay attests that Plaintiff is morbidly obese and his ability to walk is limited (Id., ex. 2 at ¶¶6-7).  However, Plaintiff's hands and fingers are not affected and, although Plaintiff suffers from arthritis in

his hands, he does not have a medical need for a typewriter (Id. at ¶¶8-11).  Thus, based on the evidence, Plaintiff has not demonstrated that he faces a risk of imminent irreparable damage without access to a typewriter, or that he is medically entitled to a typewriter. Accordingly, Plaintiff's requests for injunctive relief will be denied.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for an Order for DOC to comply with American Disabilities Act (Doc. #72) and Motion to Decide on Typewriter (Doc. #120) are **DENIED**.

DATED this 17th day of July, 2006.


Stephen M. McNamee
United States District Judge