**WO** BL

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Douglas Lee Horn,
Plaintiff,
vs.
Dora Schriro, et al.,
Defendant.

No. CV 04-2014-PHX-SMM (LOA)

**ORDER**

Plaintiff filed a 42 U.S.C. § 1983 action alleging that his constitutional rights were violated due to deliberate indifference to his medical needs and that his rights under the Americans with Disabilities Act (ADA) were violated due to the failure to provide him reasonable modifications (Doc. #33). Currently pending are Plaintiff's Motion for Summary Judgment, Defendants' Motions to Strike, and Plaintiff's Motion for ADA Compliance (Docs. ##103, 111, 132, 180). The Court will deny all motions.

## I. Background

Plaintiff filed an Amended Complaint setting forth two causes of action (Doc. #33). Plaintiff alleged that Dora Schriro, Director of the Arizona Department of Corrections (ADC), R. Pratt, Facility Health Administrator (FHA), Dr. Robert Jones, Director of Health, Donald Sloan, FHA, and Drs. Eduardo Vinluan, and Jason M. Levine were deliberately indifferent to his medical needs because they failed to properly diagnose and treat his visual problems (Id.). Plaintiff maintained that he suffered from frequent eye infections and was denied treatment to correct his double vision (Id.). Plaintiff contended that as a result of

Defendants' actions, he is forced to wear an eye patch and has in effect suffered a loss of vision in his eye (Id.).

Plaintiff also alleged that Schriro, Deputy Warden Ramos, Larry Carter, ADA/RA Liaison, Dr. Kendall, Director of Heath , Dr. Jones, and Sloan violated the ADA by failing to provide him reasonable modifications (Doc. #33). Plaintiff asserted that he suffered from back problems, loss of vision, carpal tunnel syndrome, injuries to his knees and hip, and arthritis in his hand resulting in joint problems and weakness in his right wrist, and that he is wheelchair bound (Id.). Plaintiff maintained that he was entitled to proper bedding, a typewriter, a shower chair attached to the wall, a hose connected to the shower, and a pipe or strap located above his bed so that he can properly maneuver (Id.).

Plaintiff moved for summary judgment on the grounds that Defendants were deliberately indifferent to his medical needs and discriminated against him due to his disability (Doc. #103). Plaintiff requested injunctive, declaratory, compensatory, and punitive relief (Id.). Plaintiff also sought to have his sentence adjusted because he believes that due to his health issues, he has in effect received a life sentence (Doc. #104). Initially, to the extent Plaintiff seeks a modification of his sentence, a 42 U.S.C. § 1983 action is not the proper avenue to request such relief.

**I. Motion for Summary Judgment**

A court must grant summary judgment if the pleadings and supporting documents, viewed in the light most favorable to the non-moving party, "show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). Under summary judgment practice, the moving party bears the initial responsibility of presenting the basis for its motion, and identifying those portions of the record, together with affidavits, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp., 477 U.S. at 323.

Attached to Plaintiff's Motion for Summary Judgment were various inmate letters, Health Needs Request Forms, and grievances (Docs. ##95-102). Plaintiff argued that when

he was suffering from a severe eye infection, the prison infirmary was not staffed for four days and he thus did not receive any treatment (Doc. #106). When Plaintiff was eventually seen by Dr. Vinluan, Plaintiff was given antibiotics which were ineffective and he then had to undergo two surgeries to repair the damage done his eye (Id.). Plaintiff maintained that Dr. Levine prescribed him medication that was poison and lied about where the tube in his eye would be placed (Doc. #104). Plaintiff also argued that Defendants denied him treatment for his double vision (Doc. #33). Defendants moved to strike Plaintiff's motion, arguing that he failed to properly cite to the record and that discovery had yet to be completed (Docs. ##103, 132).

Plaintiff attached to his motion minimal medical records in the form of unintelligible progress notes (Docs. ##95-102). Plaintiff's evidence does not even allow the Court to determine his medical complaint and what occurred. Further, the record is devoid of evidence of Plaintiff's need for specific accommodations or Defendants' action with regard to Plaintiff's ADA complaints. Moreover, as Defendants note, discovery had not been completed at the time of the filing (Docs. ##57, 103, 132). Accordingly, Plaintiff's Motion for Summary Judgment will be denied as premature and Defendants' Motions to Strike will be denied as moot. Because discovery is now closed, however, Plaintiff's Motion for Summary Judgment will be denied without prejudice to him refiling a Motion for Summary Judgment within thirty (30) days of the date this Order is filed.

## II. Motion for Injunctive Relief

A request for injunctive relief requires that Plaintiff make a showing of "real or immediate threat" of injury. Hodgers-Durgin v. De La Vina 199 F.3d 1037, 1042 (9th Cir. 1999) (quoting City of Los Angeles v. Lyon, 461 U.S. 95, 111 (1983)). Plaintiff is entitled to preliminary injunctive relief only if he shows either: "'(1) a likelihood of success on the merits and the possibility of irreparable injury, or (2) the existence of serious questions going to the merits and the balance of hardships tipping in [the movant's] favor. These two formulations represent two points on a sliding scale in which the required degree of irreparable harm increases as the probability of success decreases.'" MAI Sys. Corp. v. Peak

Computer, Inc., 991 F.2d 511, 516-517 (9th Cir. 1993). Under either formulation of the test, the movant must demonstrate a significant threat of irreparable injury. AGCC v. Coalition for Economic Equity, 950 F.2d 1401, 1410 (9th Cir. 1991).

Plaintiff filed a Motion for ADA Compliance, arguing that Defendants refused to provide him reasonable accommodation under the ADA, ignored his serious medical condition with regard to his eye and pain medication, and prescribed him poison medication (Doc. #180). Plaintiff seeks to obtain a "real" mattress, a strap or pipe above his bed, a typewriter, a shower chair, and to prevent another doctor from "inserting a tube in the wrong area" in his eye (Id. at 8-9).

First, with regard to Plaintiff's claim of deliberate indifference to his medical needs, Plaintiff has not demonstrated a likelihood of success on the merits because Plaintiff introduced no medical evidence in support of his claims. Moreover, Plaintiff has not demonstrated a risk of irreparable damage as he has not established that the alleged damage to his eye is progressive or that another tube is likely to be surgically inserted. And Plaintiff is no longer taking the alleged "poison medication." Finally, Plaintiff has presented no evidence to demonstrate that the failure to surgically repair his double vision is deliberate indifference as opposed to mere negligence or sound medical opinions.

Second, with regard to Plaintiff's ADA claims, Plaintiff has not demonstrated that he faces a significant risk of irreparable injury. Plaintiff requests a mattress because his back hurts, a strap in order to maneuver in the bed, a shower chair to facilitate bathing, and a typewriter because his wrist and joints hurt. However, Plaintiff has not sufficiently alleged that his back is damaged by the "sponge mattress," that he is unable to get in and out of bed due to the lack of strap, or that he is unable to properly attend to his hygienic needs. Plaintiff merely requests items that would make his imprisonment more comfortable, but fails to demonstrate that the lack of the items results in a significant risk of irreparable injury. Further, Plaintiff's mere inability to write a letter due to the lack of typewriter does not result in a significant risk of irreparable injury.

**IT IS ORDERED:**

(1) The reference to the Magistrate Judge is withdrawn as to Defendants' Motion to Strike (Doc. #111).

(2) Plaintiff's Motion for Summary Judgment (Doc. #103) is **denied without prejudice as premature**. **Plaintiff may re-file a Motion for Summary Judgment within thirty (30) days of the date this Order is filed.**

(3) Defendants' Motions to Strike (Docs. ##111, 132) are **denied as moot**.

(4) Plaintiff's Motion for ADA compliance (Doc. #180) is **denied**.

DATED this 7th day of March, 2007.

Stephen M. McNamee
United States District Judge